UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| LEONARDO SIERRA, OSMIN MENDOZA and EDUARDO FLORES, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>PANEL SYSTEMS, INC. and MICHAEL DONOVAN<br><br>     Defendants. | Civil Action No. 22-580 |

**COLLECTIVE ACTION COMPLAINT**

1. Plaintiffs Leo Sierra, Osmin Mendoza, and Eduardo Flores bring this wage theft action against their employers, Panel Systems, Inc. and Michael Donovan.

2. Defendants created and maintained a sweatshop-style workplace by forcing their employees to work as many as 58 hours per week building prefabricated wall panels while failing to pay them overtime for worked performed after 40 hours per workweek.

3. Federal and Commonwealth wage and hour laws require employers that pay on a piece-rate basis to also pay an overtime premium for hours worked over 40 in a workweek. Defendants intentionally flouted these requirements, seeking to maximize profits by making Plaintiffs work as many hours as possible without paying them the overtime premium required by law.

4. More specifically, Defendants violated wage and hour laws by (a) not paying overtime wages per the requirements of Federal and Commonwealth law for piece-work hours over 40 hours in a workweek; (b) automatically deducting 30 minutes from piece-work shifts for purported unpaid meal breaks that were not taken, thereby increasing the amount of unpaid

1

overtime pay they should have received; and (c) failing to provide employees with paystubs that included sufficient information to enable them to determine how gross and net pay were calculated, as the paystubs did not include hours worked, the number of pieces they were paid for and the piece rate, making it impossible for Plaintiffs to determine how their pay was calculated.

5. Plaintiffs seek to recover unpaid wages and overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and treble damages and attorneys' fees per the Virginia Wage Payment Act, Va. Code Ann. § 40.1-29.

6. Plaintiffs bring this case as a collective action under the FLSA and the Virginia Wage Payment Act on behalf of themselves and all similarly-situated employees, including all current and former non-exempt employees of Defendants who performed piece work or were paid on a piece-rate basis for the period of three (3) years before the filing of the instant Complaint until April 29, 2022, when PSI changed its policy and began paying hourly rates instead of piece rates, thereby ending its unlawful policy of failing to pay overtime for piece work in violation of Federal and Commonwealth law.

## Jurisdiction and Venue

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216.

8. Venue is proper because the acts alleged in this Complaint arose in this district and Defendants are residents of this district.

**The Parties**

9. Plaintiff Leo Sierra is a resident of Virginia and worked as an hourly, non-exempt employee for Defendants PSI and Donovan. Sierra worked for Defendants for since 2012, with breaks of employment in 2014 and 2018.

10. Plaintiff Osmin Mendoza is a resident of Virginia and works as an hourly, non-exempt employee for Defendants PSI and Donovan. Mendoza has worked for Defendants for 18 months.

11. Plaintiff Eduardo Flores is a resident of Virginia and works as an hourly, non-exempt employee for Defendants PSI and Donovan. Flores has worked for Defendants for seven months.

12. As required by Section 16(b) of the FLSA, 29 U.S.C. § 216(b), each Plaintiff has given his written consent to join this action, which consents are filed concurrently with the Complaint.

13. Defendant Panel Systems, Inc. ("PSI") is a Virginia corporation engaged in the business of designing, manufacturing and erecting prefabricated panels primarily used in commercial buildings (such as nursing homes, hotels, schools, churches, college dormitories, office buildings, condos, apartment buildings, and senior centers, including government-financed projects). Its principal office and base of operations is located at 14869 Persistence Drive, Woodbridge, VA  22191.

14. At all times material to this action, PSI has been an enterprise engaged in interstate commerce or in the production of goods for commerce, within the meaning of the FLSA, and has been Plaintiffs' employer within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

15. Defendant Donovan is the principal of PSI, using the title "President and CEO." Upon information and belief, he resides at 2290 Newberry Court, Woodbridge, VA 22193.

16. At all times material to this action, Defendant Donovan has exercised direct operational control over PSI, including employment policies. He has the power to and regularly exercises authority to hire and fire employees and make decisions regarding the pay of his employees. For example, Donovan personally fired approximately 15 employees in May 2022. Donovan was and/or is Plaintiffs' employer, and the employer of similarly-situated employees, within the meaning of Section 7(g) of the FLSA, 29 U.S.C. § 203(g), and the Virginia Wage Payment Act, Va. Code Ann. § 40.1-29.

17. At all times material to this action, Defendants were joint employers of Plaintiffs and those employees similarly situated to Plaintiffs within the meaning of the FLSA and its regulations (including 29 C.F.R. § 791.2).

## Factual Allegations

18. Plaintiffs were employed by Defendants to manufacture prefabricated light weight panels used primarily in commercial buildings.

19. Plaintiffs are skilled welders who wear safety equipment including face masks, goggles and safety gloves, when fabricating the panels. Plaintiffs are made to supply their own equipment, including safety equipment such as face masks and welding gloves, in violation of Occupational Safety and Health Administration (OSHA) standards. 29 CFR § 1910.132.

20. Defendants did not classify Plaintiffs and their coworkers as exempt. Plaintiffs did not perform any work that was of a *bona fide* executive, administrative, or professional nature, or that would otherwise exempt them from the FLSA or the Virginia Wage Payment Act.

21. Throughout the course of Plaintiffs' employment with Defendants, Defendants primarily paid Plaintiffs a piece-rate wage when constructing the panels ("productive work"). Defendants paid Plaintiffs a rate for every panel they fabricated, which varied depending on the length and complexity of the panel being constructed.

22. Plaintiffs and their coworkers understood that the same piece rates applied to all panels they worked on no matter how many hours they worked in a workweek, and did not agree to any alternate method for the calculation of overtime.

23. In addition to the piece-rate wage they received when performing productive work, Plaintiffs were sometimes paid hourly rates when they were employed in tasks other than fabricating panels ("non-productive work").

24. Defendants use a fingerprint time-keeping system that Plaintiffs and their coworkers used to clock in and clock out.

25. Records of Plaintiffs' and their coworkers' time worked are in the custody and control of Defendants.

26. At all times material to this action, Defendants had a policy of not paying Plaintiffs and their coworkers for all time worked by automatically deducting 30-minutes for a purported meal breaks from each shift worked, regardless of whether meal breaks were actually taken or were interrupted and cut short by work.

27. When Plaintiffs and their coworkers were performing productive work, they were not required to (and did not) clock in or out for meal breaks and did not take 30-minute meal breaks.

28. While performing productive work, Plaintiffs and their coworkers did not take 30-minute meal breaks. Because they were being paid piece rates for the panels, taking meal breaks

5

during productive work only reduced their pay (as they were not being paid overtime). Plaintiffs and their coworkers lost money by going to the bathroom, eating, and getting a drink of water, as they only got paid for the panels they completed. Instead, Plaintiffs and their coworkers took a few bites of food while they continued to work on the panels, or sat down for 5-10 minutes to eat before going back to work on the panels.

29. Defendants were aware that Plaintiffs and their coworkers were not taking 30-minute meal breaks while they were engaged in productive work and were in fact working during the purported meal breaks. Plaintiffs and their coworkers would routinely notify supervisors of completed panels and obtain new ones to work on during their purported meal breaks. Defendant Donovan and other supervisors regularly patrolled the work floor. Additionally, video cameras were located throughout the worksite, which are all regularly monitored.

30. Plaintiffs and their coworkers were thus shorted in their pay 30 minutes each shift of productive work.

31. Defendants required Plaintiffs to report for work at the PSI office in Woodbridge, Virginia at 6:00 am Monday-Friday. The shift was supposed to end at 2:30 pm, with the 30-minuted unpaid meal break. Supervisors held staff meetings at 6:00 am on Monday mornings to go over the expected work for the week.

32. During the Covid-19 pandemic, PSI's customer orders increased, and it began to require Plaintiffs and their coworkers to work long hours to meet customer demand. Many PSI employees contracted Covid-19 while working at PSI.

33. In January 2021, PSI obtained a particularly large customer order, requiring employees collectively to fabricate 2,000 panels per week. PSI began requiring Plaintiffs and

their coworkers to work until at least 4:30 pm Monday through Friday, and from 6:00 am to 12:30 pm on Saturdays. During the Monday morning meetings, Plaintiffs and their coworkers were threatened and coerced to work these long hours. Plaintiffs and their coworkers were disciplined when they left early for family or other emergencies, and whenever they complained about the forced overtime, they were threatened with termination.

34. From January 2021 to the fall of 2021, Plaintiffs and their coworkers each regularly worked as many as 58 hours per week.

35. At some point in the fall of 2021, employees rebelled against having to work so many hours and some employees began clocking out at 2:30 pm on Fridays. These employees were threatened with discipline when they did so, and in addition to the hours they worked on Fridays, Plaintiffs and their coworkers were still required to (and did) work until 4:30 pm Monday through Thursday, and from 6:00 am to 12:30 pm on Saturdays. From the fall of 2021 to approximately February 2022, Plaintiffs and their coworkers each regularly worked as many as 56.5 hours per week.

36. In February 2022, a group of employees, including Plaintiffs, spontaneously walked off the job and refused to work the long hours being required of them. Eventually Defendants agreed to a slight increase in the piece-rate for the panels, and the employees returned to work. After February 2022, Plaintiffs and their coworkers regularly worked approximately 42.5 hours per workweek.

37. On April 29, 2022, Defendant Donovan changed Defendants' pay practices, and began paying Plaintiffs and their coworkers hourly rates of pay instead of piece rates while performing productive work.

38. Defendants failed to provide employees with paystubs that included information adequate to determine if they were paid correctly. The paystubs failed to list the number of hours worked in productive work, the number of panels Plaintiffs were being compensated for, or the piece rate paid per panel.

## COUNT I
## VIOLATION OF THE FLSA
## [29 U.S.C. § 201 *et seq.*]

39. Plaintiffs incorporate by reference and reallege each and every allegation set forth above as though fully set forth herein.

40. Plaintiffs bring this claim on behalf of themselves and all similarly-situated employees, including all current and former non-exempt employees of Defendants who performed piece work during the period of three (3) years before the filing of this Complaint until April 29, 2022.

41. Under Section 7(a) of the FLSA, 29 U.S.C. § 207(a), Defendants were required to pay Plaintiffs and all similarly-situated employees one-and-one-half of their applicable regular wage rate for hours worked in excess of 40 per workweek.

42. Under applicable Federal regulations 29 C.F.R. § 778.418(a) and 29 C.F.R. § 778.111(a), overtime for piece work can be paid using either of the following methods: (a) divide the total compensation paid during the workweek by the number of hours worked to obtain the "regular rate" and pay an additional 0.5 times the "regular rate" for every hour worked over 40 in the workweek; or (b) alternatively, and with the agreement of the employees, pay 1.5 times the rate for each piece worked on during overtime hours.

43. Plaintiffs and Defendants did not have any prior agreement or understanding regarding the calculation of overtime for piece work under applicable law. To the contrary, Plaintiffs believe that they were not paid any overtime while performing piece work.

44. At all material times, Defendant did not correctly utilize either of the two legally-available methods for calculating overtime on piece work. Instead, Defendants had a policy of not paying Plaintiffs and all similarly-situated employees at time-and-one-half for their work when Defendants caused Plaintiffs to perform more than 40 hours of productive work in a workweek.

45. Defendants violated the requirements of the FLSA by failing to pay its employees at one-and-one-half their applicable regular wage rate for productive work hours in excess of 40 in a workweek, including the time spent working during unpaid meal breaks.

46. Defendants' actions were willful as evidenced by their attempts to conceal their failure to pay Plaintiffs and all similarly-situated employees all wages due, including overtime. Defendants knew, or should have known, that such pay was due.

47. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs and all similarly-situated employees are entitled to an additional equal amount as liquidated damages pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

48. Defendants are liable, individually and collectively, jointly and severally, to Plaintiffs and all similarly-situated employees for all unpaid wages in such an amount to be proven at trial, plus statutorily available liquidated damages equal to the amount of unpaid wages, interest (both pre- and post-judgment), attorneys' fees, costs, and any other and further relief this Court deems appropriate, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE VIRGINIA WAGE PAYMENT ACT
## [Va. Code Ann. § 40.1-29]

*(For overtime from July 1, 2021)*

49. Plaintiffs incorporate by reference and reallege each and every allegation set forth above as though fully set forth herein.

50. Plaintiffs bring this claim on behalf of themselves and all similarly-situated employees, including all current and former non-exempt employees of Defendants who performed piece work during the period of three (3) years before the filing of the instant Complaint until April 29, 2022.

51. The Virginia Wage Payment Act requires that "for hours worked by an employee in excess of 40 hours in any one workweek, an employer shall pay such employee an overtime premium at a rate not less than one and one half times the employee's regular rate, pursuant to 29 U.S.C. § 207. For employees paid on 'a salary or other regular basis, the regular rate is one-fortieth of all wages paid for the workweek.'" Va. Code Ann. § 40.1-29.2(B). Defendants did not pay Plaintiffs an overtime premium based on a regular rate calculated using one-fortieth of all wages paid for the workweek. While this provision of the law was repealed effective July 2022, the repeal does not affect the overtime allegations here. *See* H.R. 1173, Gen. Assemb., Reg. Sess. (VA 2022) (enacted); Va. Code Ann. § 1-214(A).

52. Defendants' actions were willful, as evidenced by their attempts to conceal their failure to pay Plaintiffs and all similarly-situated employees all wages due, including overtime for piece work. Defendants knew, or should have known, that pay was due for all hours worked and cannot be withheld for a meal break during which Plaintiffs performed work.

53. Due to Defendants' knowing failure to pay wages due to Plaintiffs, Plaintiffs and all similarly-situated employees are entitled to an additional amount equal to triple the amount of wages due as liquidated damages pursuant to Va.Code Ann. § 40.1-29(J).

54. Defendants are liable, individually and collectively, jointly and severally, to Plaintiffs and all similarly-situated employees for all unpaid wages in such an amount to be proven at trial, plus statutorily available liquidated damages equal to triple the amount of unpaid

wages, interest (both pre- and post-judgment), attorneys' fees, costs, and any other and further relief this Court deems appropriate, pursuant to Va. Code Ann. § 40.1-29(J).

## COUNT III
## VIOLATION OF THE VIRGINIA WAGE PAYMENT ACT
## [Va. Code Ann. § 40.1-28.7:7(A)]

*(Paycheck Transparency Violation, effective January 2020)*

55. Plaintiffs incorporate by reference and reallege each and every allegation set forth above as though fully set forth herein.

56. The Virginia Wage Payment Act requires that paystubs or online accountings of wages include sufficient information to enable the employee to determine how gross and net pay were calculated.

57. Defendants failed to provide enough information on Plaintiffs paystubs to calculate how much pay they made. Defendants did not include the number of hours worked performing productive work, the number of panels made, and/or the piece rate on Plaintiffs' paystubs.

58. Defendants' actions were willful as Defendants knowingly did include the hours worked in performing productive work, the number of panels made, and/or the piece rate on Plaintiffs' paystubs.

59. Defendants are liable, individually and collectively, jointly and severally, to Plaintiffs and all similarly-situated employees for all wages, salary, employment benefits, or other compensation, attorneys' fees, costs, and any other and further relief this Court deems appropriate, pursuant to Va. Code Ann. § 40.1-28.7:7(A).

**Collective Action Allegations**

60. This action is maintainable as an "opt-in" collective action as to claims for unpaid wages, liquidated damages, interest, and attorneys' fees and costs under the FLSA and the Virginia Wage Payment Act.

61. Plaintiffs bring the claims on behalf of themselves and all similarly-situated employees, including all current and former non-exempt employees of Defendants who performed piece work during the period of three (3) years before the filing of the instant Complaint through April 29, 2022.

62. Upon information and belief, there are numerous current and former non-exempt employees of Defendants who are similarly situated to Plaintiffs. The precise number of similarly-situated employees is known only to Defendants.

63. Because these similarly-situated employees are readily identifiable to Defendants and may be located through their records, they may be readily notified of this action and allowed to opt into it for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages, interest, and attorneys' fees and costs under the FLSA and the Virginia Wage Payment Act.

64. A collective action is appropriate in this case because Plaintiffs and potential plaintiffs: (a) are or were employees of Defendants during the statutory period; (b) have or had similar duties and performed similar tasks; (c) allege similar violations of the FLSA and the Virginia Wage Payment Act in the form of unlawful compensation policies; and (d) seek the same remedies.

65. Plaintiffs are adequate representatives of the collective class because they were non-exempt employees who performed piece work for Defendants and were not properly

compensated for their overtime hours, were not provided uninterrupted meal breaks but also were not compensated for 30 minutes of overtime pay for work performed during unpaid meal breaks, and were not provided paystubs or an online accounting that enabled them to determine how gross and net pay were calculated.

## Jury Demand

Plaintiffs hereby request a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiffs, on behalf of themselves and all similarly-situated persons, pray for the following relief:

1. Enter judgment against Defendants, jointly and severally, for all unpaid straight-time and overtime wages found due to Plaintiffs and all similarly-situated employees as a result of Defendants' violations of 29 U.S.C. § 207(a), plus an additional equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b);

2. Enter judgment against Defendants, jointly and severally, for all unpaid wages found due to Plaintiffs and all similarly-situated employees as a result of Defendants' violations of Va. Code Ann. § 40.1-29, plus an additional amount equal to triple the unpaid wages as liquidated damages, pursuant to Va. Code Ann. § 40.1-29(J);

3. Certify this action as a Collective Action under 29 U.S.C. § 216(b) and Va. Code Ann. § 40.1-29(J);

4. Award Plaintiffs all wages owed by Defendants for Plaintiffs' work during the period of three (3) years before the filing of the instant Complaint;

5. Award Plaintiffs liquidated, treble and compensatory damages to the fullest extent permitted under the law;

6. Award Plaintiffs litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law;

7. Award Plaintiffs interest on all of the forgoing at the legal rate from the date of judgment until payment in full; and

8. Award such other relief as this Court deems just and proper.

Dated: May 20, 2022							Respectfully submitted,


/s/ *Mark Hanna*
Mark Hanna (Virginia Bar No. 45442)
Joni Jacobs (pro hac forthcoming)
Murphy Anderson PLLC
1401 K Street NW, Suite 300
Washington, DC 20005
Phone: (202) 223-2620
Fax: (202) 296-9600
mhanna@murphypllc.com

Attorneys for Plaintiffs